IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| MATT J. RUPPEL,<br><br>                      Plaintiff,<br><br>v.<br><br>THOMAS D. BASMAJIAN, an individual, 1415 SOUTH MAIN STREET, LLC, a Delaware Limited Liability Company, BLACK SQUARE REAL ESTATE, INC., a Delaware Corporation, the BASMAJIAN RUPPEL GENERAL PARTNERSHIP, a Utah General Partnership,<br><br>                      Defendants. | **MEMORANDUM DECISION AND ORDER DENYING PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT**<br><br><br>Case No. 2:14-cv-728-DB<br><br>District Judge Dee Benson |

This matter is before the court on a motion for partial summary judgment filed by Plaintiff. (Dkt. No. 34.) Plaintiff's motion seeks a ruling as a matter of law that Ruppel and Basmajian's association was a partnership as that term is defined in the Utah Uniform Partnership Act. The court held a hearing on the motion on November 8, 2016. At the hearing, Plaintiff was represented by Margaret H. Olson. Defendants were represented by Thomas W. Seiler. At the conclusion of the hearing, the court took the motion under advisement. Now being fully advised, the court renders the following Memorandum Decision and Order.

Beginning in late 2004, Plaintiff Matt Ruppel ("Ruppel") and Defendant Thomas Basmajian ("Basmajian") determined to enter into business together. (Pl. Mot. at 3.) In furtherance of those plans, Ruppel and Basmajian formed various limited liability companies. (*Id*. at 4-6.) Each limited liability company had formal formation documents, had minutes, and otherwise operated as a business. (*Id.*; Def. Opp. at 2.) Plaintiff asserts that, apart from the

various entities formed by Ruppel and Basmajian, the two formed a partnership as that term is defined in the Utah Uniform Partnership Act. (Pl. Mot. at 11.) No documentation or writing exists to establish any such partnership. (Def. Opp. at 2.)

The court finds no evidence to support a ruling that Ruppel and Basmajian formed a general partnership as a matter of law. The parties clearly knew how to form a legal entity, and did so on many occasions between January and June 2005. (*See* Pl. Mot. at 4-6.) The parties did not enter into any written agreements or documentation with respect to any general partnership. That the parties referred to each other colloquially as "partner" and often shared equally in the profits and losses of their business dealings is insufficient evidence to establish a general partnership as a matter of law.

## Conclusion

For the foregoing reasons, Plaintiff's motion for partial summary judgment is hereby DENIED.

DATED this 22nd day of November, 2016.

BY THE COURT:

*Dee Benson*

Dee Benson
United States District Judge