IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| MATT J. RUPPEL,<br><br>     Plaintiff,<br><br>v.<br><br>THOMAS D. BASMAJIAN, an individual, 1415 SOUTH MAIN STREET, LLC, a Delaware Limited Liability Company, BLACK SQUARE REAL ESTATE, INC., a Delaware Corporation, the BASMAJIAN RUPPEL GENERAL PARTNERSHIP, a Utah General Partnership,<br><br>     Defendants. | **MEMORANDUM DECISION AND ORDER**<br><br><br>Case No. 2:14-cv-728-DB<br><br>District Judge Dee Benson |

This matter is before the court on Defendant Thomas D. Basmajian's ("Basmajian") Motion in Limine to exclude evidence pursuant to the parol evidence rule and Utah Code Ann. §48-1d-204. (Dkt. No. 100.) The Motion has been fully briefed by both parties, and the court has considered the facts and arguments set forth in those filings. Pursuant to civil rule 7-1(f) of the United States District Court for the District of Utah Rules of Practice, the Court elects to determine the motion on the basis of the written memoranda and finds that oral argument would not be helpful or necessary. DUCivR 7-1(f).

In his Motion, Basmajian seeks to exclude evidence that the alleged Basmajian Ruppel General Partnership owned or controlled certain limited liability companies—406 EG, LLC, 406 Partners, LLC, 406 Real Estate Services, LLC, 406 Technology, LLC, 506 Mortgages Services, LLC, 406 Management, LLC, Brighton Real Estate Services, LLC, Balto, LLC, Balto EG, LLC,

and 1415 South Main Street, LLC. (Dkt. No. 100.) Basmajian seeks exclusion based on two

theories: 1) pursuant to Utah Code Ann. § 48-1d-204, and 2) pursuant to the parol evidence rule.

*Utah Code Ann. § 48-1d-204*

The Utah Uniform Partnership Act ("UPA") requires that property be "acquired in the

name of the partnership", or in the name of one of the partners with an indication in the

instrument of the person's capacity as a partner. U.C.A. § 48-1d-204. However, that statute did

not take effect until 2013. The parties agree that the statute in place at the time the alleged

partnership was formed did not contain this statutory requirement. Basmajian argues that the

court should nevertheless apply the principles found in the UPA because they existed in the

common law and as model rules in the years prior to their enactment. The court cannot presume

that general legal principles that were not yet enacted apply to govern an alleged partnership

between the parties. The parties agree that the statute in place at the time of the formation of the

alleged partnership did not contain a requirement for partnership property to be acquired in the

specific manner delineated in U.C.A. § 48-1d-204. Accordingly, Basmajian's motion on those

grounds fails.

*Parol Evidence Rule*

Basmajian also seeks exclusion pursuant to the parol evidence rule. Basmajian argues

that Ruppel should be barred from offering evidence that the alleged partnership owned or

controlled any of the various LLCs because those companies maintained their own operating

agreements and ownership statements, many of which contain integration clauses. (Dkt. No.

100.) Ruppel asserts that he "will not attempt to vary or add to the terms of the various limited

liability company agreements" and that those agreements are evidence of an alleged partnership

because Ruppel and Basmajian "held equal interests in each and every one of them." (Dkt. No. 105.)

The parol evidence rule operates "to exclude evidence of prior or contemporaneous conversations, representations, or statements offered for the purpose of varying or adding to the terms of an integrated contract." *Ward v. Intermountain Farmers Ass'n*, 907 P.2d 264, 268 (Utah 1995). Ruppel has stated that he will not attempt to introduce evidence at trial to vary or add to the LLC agreements. Ruppel instead intends to offer evidence to support his theory that another, separate agreement existed that required the parties to share profits equally. The court will not allow evidence that would vary the express terms of the limited liability company agreements. However, Ruppel will be permitted to present admissible evidence, if any, that supports his theory that another agreement, not inconsistent with the limited liability company agreements, existed between the parties. Any objections to particular evidence will be addressed at the time of trial.

## Conclusion

For the foregoing reasons, pursuant to the parol evidence rule, Basmajian's Motion is GRANTED, in that Ruppel is prohibited from introducing evidence that would vary or add to the terms of the various limited liability company agreements.

DATED this 5th day of April, 2018.

BY THE COURT:

Dee Benson
United States District Judge