IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| MATT J. RUPPEL,<br><br>                      Plaintiff,<br><br>v.<br><br>THOMAS D. BASMAJIAN, an individual, 1415 SOUTH MAIN STREET, LLC, a Delaware Limited Liability Company, BLACK SQUARE REAL ESTATE, INC., a Delaware Corporation, the BASMAJIAN RUPPEL GENERAL PARTNERSHIP, a Utah General Partnership,<br><br>                      Defendants. | **MEMORANDUM DECISION AND ORDER**<br><br><br>Case No. 2:14-cv-728-DB<br><br>District Judge Dee Benson |

      Before the court is Defendant's Motion for Partial Summary Judgment (Parol Evidence). (Dkt. No. 116.) The court has reviewed the briefing submitted by the parties. Pursuant to civil rule 7-1(f) of the United States District Court for the District of Utah Rules of Practice, the court elects to determine the motion on the basis of the written memoranda and finds that oral argument would not be helpful or necessary. DUCivR 7-1(f).

      The background facts relating to these parties and this action have been set forth in some detail in the court's previous rulings. (*See* Dkt. Nos. 60, 87, 108.) On May 11, 2016, Plaintiff moved for summary judgment regarding whether a general partnership existed between the parties. (Dkt. No. 34.) The court denied that motion on November 22, 2016. (Dkt. No. 60.) On February 10, 2017, Defendant moved for a ruling that a general partnership did not exist as a matter of law. (Dkt. No. 67.) The court denied that motion on August 15, 2017. (Dkt. No. 87.) On April 6, 2018, the court granted Defendant's motion in limine, holding that evidence varying

the express terms of the relevant written agreements would not be allowed at trial. (Dkt. No. 108.) Defendant now seeks partial summary judgment that a general partnership did not exist between the parties. (Dkt. No. 116.)

"The law of the case doctrine posits that when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case." *United States v. Monsisvais*, 946 F.2d 114, 115 (10th Cir. 1991)(internal quotations omitted). Here, the court has already held that there is a genuine issue of material fact with respect to whether a general partnership existed between the parties. Defendant has not provided any new evidence to challenge that ruling. The court's ruling granting Defendant's motion in limine did not alter that decision either. The decision thus continues to govern the issue of whether a general partnership existed. Accordingly, Defendant's Motion for Partial Summary Judgment is denied pursuant to the law of the case doctrine.

## CONCLUSION

For the foregoing reasons, Defendant's Motion for Partial Summary Judgment is hereby DENIED.

DATED this 20th day of December, 2018.

BY THE COURT:

Dee Benson
United States District Judge