IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| MATT J. RUPPEL,<br><br>               Plaintiff,<br><br>v.<br><br>THOMAS D. BASMAJIAN,<br><br>               Defendant. | **MEMORANDUM DECISION AND ORDER**<br><br><br>Case No. 2:14-cv-728-DB<br><br>District Judge Dee Benson |

This matter is before the court on the following four motions in limine filed by Defendant Thomas D. Basmajian: (1) Motion in Limine Re: Plaintiff's Damages (Dkt. No. 139); (2) Motion in Limine Re: Second, Eighth and Eleventh Causes of Action and Certain Paragraphs of First Amended Complaint (Dkt. No. 140); (3) Motion in Limine Re: Daniel W. Jackson, Esq. (Dkt. No. 142); and (4) Motion in Limine Re: Jeff Jonas. (Dkt. No. 144.)

The court held a hearing on the motions on October 1, 2020. At the hearing, Plaintiff Matt Ruppel was represented by Robert E. Mansfield and Megan E. Garrett. Defendant Thomas Basmajian was represented by Thomas W. Seiler. At the conclusion of the hearing, the court took the motions under advisement. Now being fully advised, the court renders the following Memorandum Decision and Order.

PROCEDURAL BACKGROUND[1]

Plaintiff initiated this lawsuit in late 2014. Since that time, this court has, on multiple occasions, dealt with the question of whether Ruppel and Basmajian formed a general partnership. On May 11, 2016, Plaintiff moved for summary judgment regarding whether a

---

[1] The background facts relating to these parties and this action have been set forth in detail in the court's prior decisions. (*See* Dkt. Nos. 60, 87, 108.)

general partnership existed between the parties. (Dkt. No. 34.) The court denied that motion. (Dkt. No. 60.) On February 10, 2017, Defendant moved for a ruling that a general partnership did not exist as a matter of law. (Dkt. No. 67.) The court also denied that motion. (Dkt. No. 87.) More recently, on June 21, 2018, Defendant again moved for summary judgment on the claims relating to the general partnership, arguing that Plaintiff did not have enough evidence to allow a reasonable jury to find that a general partnership was ever formed between Ruppel and Basmajian. (Dkt. No. 116.) The court denied this motion as well (Dkt. No. 124), resting its decision primarily on Ruppel's continued insistence that a general partnership was orally agreed to at the beginning of his and Basmajian's relationship.

A five-day jury trial was set for February 3, 2020. Between December 30, 2019 and January 3, 2020, Defendant filed the four Motions in Limine now before the court. (Dkt. Nos. 139, 140, 142, 144.) On January 10, 2020, finding good cause, the court vacated the trial and ordered the parties to participate in a settlement conference. (Dkt. Nos. 147, 151.) The parties agreed to an extension of time to file responses to Defendant's Motions in Limine. (*See* Dkt. No. 163.) The settlement conference was held on July 31, 2020, but the parties were unable to reach a settlement. (Dkt. No. 162.) The parties then fully briefed Defendant's Motions in Limine.

In Defendant's Motion in Limine Re: Plaintiff's Damages (Dkt. No. 139), Defendant challenges Plaintiff's evidence of damages, claiming that Plaintiff has failed to sufficiently provide the required computation of his alleged damages in his Initial Disclosures. The parties served their Initial Disclosures in February 2015. (Dkt. Nos. 15, 16.) Plaintiff Ruppel's Initial Disclosures included the following computation of damages:

|   | **Category of Damages** | **Amount Calculated at This Time** | **Reference** |
|---|---|---|---|
| 1. | One-Half of Rents Not Paid to 1415 South Main Street, LLC by Black Square Real Estate, LLC | Fair Market Value of Square Footage Occupied for Number of Months of Tenancy | First Amended Complaint, ¶61, Ninth Cause of Action |
| 2. | One Half of the 2007 "Advance" Secretly Taken by Basmajian and Not Repaid | $100,000 plus interest adjustments | First Amended Complaint, ¶47, First Cause of Action |
| 3. | One Half of All Brighton Money Paid to Basmajian by Jonas under the Term Sheet and Not Disclosed To Or Shared with Ruppel | $997,000 plus interest | First Amended Complaint, ¶31-33, First Cause of Action |
| 4. | Rents collected, not applied to mortgage loan obligations, and retained by Basmajian | Yet Unknown | First Amended Complaint, ¶60 |
| 5. | Greenwich Street rent payments in the 515 Building not paid as a result of Basmajian's mismanagement and/or breach of fiduciary duty | Yet Unknown | First Amended Complaint, ¶77 |
| 6. | Indemnification for all partnership liability incurred as a result of Basmajian's mismanagement and breaches of fiduciary duty | Yet Unknown | First Amended Complaint, ¶65 |
| 7. | Damages incurred as a result of Basmajian's intentional and deliberate default of mortgage loan obligations (although there are sufficient funds to make the payments) and any resulting personal liability incurred by Ruppel prematurely called | Yet Unknown | First Amended Complaint, ¶67(e) |
| 8. | Reimbursement to the partnership for all fees or other compensation paid to Utah Eviction Law | Yet Unknown | |
| 9. | Economic Loss, Liability on the Remaining Personal Guarantee and other costs and damages relating to Mr. Basmajian's mismanagement of the building | Yet Unknown | First Amended Complaint, Sixth Cause of Action |

| | | | |
|---|---|---|---|
| | and mistreatment of occupants of 1415 South Main Street | | |
| 10. | One Half of all Profits and Cash on Hand from all partnership ventures | Yet Unknown | First Amended Complaint, First Cause of Action |
| 11. | Treble Damages, Attorneys Fees, Costs and Punitive Damages relating to the Communications Fraud Cause of Action | Yet Unknown | First Amended Complaint, Second Cause of Action |

(Dkt. No. 139, Ex. A ¶ 3.) In his Opposition filed August 17, 2020, Plaintiff concedes that he "seeks only his portion of the Partnership Payments as damages" at trial, identified as the third category in Plaintiff's Initial Disclosures (Dkt. No. 165 at 2 n.1) as follows:

| **Category of Damages** | **Amount Calculated at This Time** | **Reference** |
|---|---|---|
| One Half of All Brighton Money Paid to Basmajian by Jonas under the Term Sheet and Not Disclosed To Or Shared with Ruppel | $997,000 plus interest | First Amended Complaint, ¶31-33, First Cause of Action |

Accordingly, only the damages computation for the "$997,000 plus interest" amount is considered by the court in its decision here.

As part of his Initial Disclosures, Plaintiff provided "[a] copy of a CD, containing documents marked RUP0001-RUP1506"[2] that "may be used to support his claims." (Dkt. No. 139, Ex. A ¶ 2.) The only witness identified in Plaintiff's Initial Disclosures able to provide information supporting these alleged damages is Jeff Jonas, who Plaintiff disclosed "will testify to all payments made to Basmajian under the 2008 Term Sheet and has personal knowledge of Basmajian's relationship with Ruppel and their course of dealing." (*Id.* ¶ 1(d).) During Jeff

---

[2] RUP944-947 and RUP985-1020 were not produced by Plaintiff under the work product doctrine. (Dkt. No. 139, Ex. A ¶ 2.)

Jonas' deposition in February 2019, he did not provide additional information supporting this $997,000 damages computation. Indeed, Mr. Jonas was unable to testify as to what payments were made by Brighton Real Estate Services to Basmajian. (*See* Dkt. No. 167, Ex. 3.)

Plaintiff has never supplemented his 2015 Initial Disclosures. Fact discovery and expert discovery has been closed since 2018. (Dkt. No. 120.) The deadline for supplementation of discovery under Rule 26(e) was December 2, 2019, and Plaintiff's deadline for Rule 26(a)(3) pretrial disclosures was December 6, 2019. (Dkt. No. 133.)

## ARGUMENT

Defendant Basmajian seeks to exclude "all evidence related to potential damage claims of the Plaintiff" because Plaintiff failed to provide the necessary computation of his damages in his Initial Disclosures. (*See* Dkt. No. 139 at 4.) Rule 26(a)(1) of the Federal Rules of Civil Procedure outlines what a party is required to include in his Initial Disclosures. Under this rule, "a party must, without awaiting a discovery request, provide to the other parties … a computation of each category of damages claimed by the disclosing party—who must also make available for inspection and copying … the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based." Fed. R. Civ. P. 26(a)(1)(A). These initial disclosures must be based on all reasonably available information, and "[a] party is not excused from making its disclosures because it has not fully investigated the case." Fed. R. Civ. P. 26(a)(1)(E).

Based upon the record, Ruppel has not satisfied the requirements of Rule 26. Ruppel claims that his Initial Disclosures were sufficient because he disclosed the ultimate number claimed as damages, $997,000, and disclosed that such number is equivalent to "a 50/50 split" of payments made from Brighton Real Estate Services to Basmajian. (Dkt. No. 165 at 3.) However,

Rule 26 "requires a party to affirmatively disclose 'a computation of any category of damages' *and* the specific 'documents or other evidentiary material … on which such computation is based." *Hertz v. Luzenac Am., Inc.,* 2006 WL 994431, at *18 (D. Colo. Apr. 13, 2006) (emphasis in original). In his Initial Disclosures, Plaintiff does not point to any particular payment records or documentary evidence to support his damages calculation. Plaintiff instead represents that a CD containing nearly 1,500 pages of documents "may be used to support his claims." (Dkt. No. 138, Ex. A.) This broad and undefined evidentiary production does not sufficiently put Defendant on notice of what evidence Plaintiff will use to support his alleged damages claim amounting to $997,000 at trial.

Instead of identifying and producing the documents or materials upon which the damages computation is based in his Initial Disclosures, Plaintiff designates one witness, Jeff Jonas, to testify to "all payments made to Basmajian under the 2008 Term Sheet." (Dkt. No. 139, Ex. A.) However, when Mr. Jonas was given the opportunity during his depositions to testify about the alleged payments to Basmajian, he failed to provide any specific information to support this $997,000 damages computation. While Mr. Jonas has stated that he "believes" the payments from Brighton Real Estate Services to Basmajian under the Term Sheet "exceeded $2 million dollars" (Dkt. No. 52), this vague statement of mere belief is insufficient to put Defendant on notice at trial as to what will be used to prove Plaintiff's damages.

Ruppel argues that he did not have the necessary financial documents to support his damages computation at the time that he made his Initial Disclosures. However, "[w]hile a party may not have all of the information necessary to provide a computation of damages early in the case, it has a duty to diligently obtain the necessary information and prepare and provide its damages computation within the discovery period." *Jackson v. United Artists Theatre Circuit,*

*Inc.,* 278 F.R.D. 586, 593 (D. Nev. 2011). Plaintiff provided his Initial Disclosures in early 2015. Rule 26 requires that a party "supplement or correct its disclosure upon learning that it is materially incomplete or incorrect." *Morrison Knudsen Corp. v. Fireman's Fund Ins. Co.,* 175 F.3d 1221, 1229 n.2 (10th Cir. 1999); *see also Campbell v. CSAA Fire & Cas. Ins. Co.,* No. CV-19-739-R, 2020 WL 3244010, at *1 (W.D. Okla. June 15, 2020) ("When a party receives additional documents that it intends to use to prove its damages, or when its previous damages computation becomes otherwise inadequate, a party must supplement its Rule 26(a)(1)(A)(iii) computation."). Plaintiff has not made any efforts to supplement or correct the lack of support for his damages computation, despite having had ample time to do so. Even upon briefing for this motion, Plaintiff did not point to a single document to support his computation for damages.[3]

Ruppel contends that, even if he has failed to satisfy Rule 26, the insufficiencies in his damages computation are harmless. "The determination of whether a Rule 26(a) violation is justified or harmless is entrusted to the broad discretion of the district court." *Woodworker's Supply, Inc. v. Principal Mut. Life Ins. Co.,* 170 F.3d 985, 993 (10th Cir. 1999). In its discretion, the court finds that the lack of information supporting Ruppel's computation for damages, as well as Ruppel's failure to supplement and correct this deficiency, impermissibly prejudiced Basmajian's ability to make intelligent decisions regarding the discovery process and trial preparation. This case is set for trial on December 7, 2020. Given the lengthy timeline and advanced posture of this case, as well as the proximity to trial, Plaintiff's continued failures to provide the required support for his damages computation are neither justified nor harmless.

---

[3] At the October 1, 2020 hearing, counsel for Plaintiff mentioned (for the first time) two exhibits that allegedly support Ruppel's damages theory for trial. However, the contents of these exhibits were not disclosed to the court. Ruppel's attempts to proffer 149 pages of evidence a week after the hearing (Dkt. No. 186) are not timely and do not correct Ruppel's failure to satisfy Rule 26.

Ruppel further argues that any deficiencies in his Initial Disclosures are harmless because evidence of the partnership payments is allegedly already in Basmajian's possession. However, it is Ruppel's obligation alone to provide a computation of damages with supporting evidence. *See Jackson,* 278 F.R.D. at 593 ("The plaintiff cannot shift to the defendant the burden of attempting to determine the amount of the plaintiff's alleged damages.").

The court finds that Plaintiff has failed to comply with the mandatory disclosure requirements under Rule 26(a). If a party fails to provide the information required by Rule 26(a), "the party is not allowed to use that information … to supply evidence on a motion, at a hearing, or at trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). Accordingly, the court grants Defendant's motion concerning Plaintiff's damages.

## CONCLUSION

For the foregoing reasons, Basmajian's Motion in Limine Re: Plaintiff's Damages (Dkt. No. 139) is hereby GRANTED. Because Ruppel is prohibited from introducing evidence of his potential damage claims, the court finds that he cannot establish the essential element of damages to the remaining claims in his Complaint. Accordingly, Ruppel's Complaint is hereby DISMISSED with prejudice. With no remaining claims to be presented before a jury, this action is also DISMISSED. Basmajian's remaining motions in limine (Dkt. Nos. 140, 142, 144) are DISMISSED for mootness.

DATED this 14th day of October, 2020.

BY THE COURT:

_Dee Benson_
Dee Benson
United States District Judge